ANDREWS *v.* WAYNE COUNTY CLERK

1. ELECTIONS — CONSTITUTIONAL LAW — LEGISLATURE — REGULA-
TORY POWERS.

> The legislature is constitutionally empowered to regulate the
> time, place and manner of all nominations and elections, ex-
> cept as otherwise provided in the state constitution or in the
> constitution and laws of the United States (Const 1963, art 2,
> § 4).

2. ELECTIONS — CONSTITUTIONAL LAW — LEGISLATURE — REGULA-
TORY POWERS.

> Constitutional power of the legislature to regulate elections is
> properly exercised so long as statutory election requirements
> do not have the effect of destroying an elector's right to vote
> by not counting his vote (Const 1963, art 2, § 4).

3. ELECTIONS—CONSTITUTIONAL LAW—PRECINCT DELEGATE—LEGISLA-
TURE—REGULATORY POWERS.

> Statutory requirement that a candidate for precinct delegate
> receive a minimum of three votes to be elected did not destroy
> an elector's right to have his vote counted, and that minimum
> vote requirement was a proper exercise of the legislature's
> constitutional power to regulate elections (Const 1963, art 2,
> § 4; MCLA 1969 Cum Supp § 168.607).

4. ELECTIONS—ELECTORS—VOTES—RIGHT TO HAVE COUNTED.

> The mere right of electors to have their votes counted is not the
> sole basis for determining that the electors' will shall prevail.

5. ELECTIONS — CONSTITUTIONAL LAW — LEGISLATURE — REGULA-
TORY POWERS — EQUAL APPLICATION — REASONABLENESS.

> The legislature, in exercising its constitutional power to regulate
> elections, is entitled to prescribe that elections be representative
> of the will of the electorate of a given district so long as its
> regulation has equal application and is reasonable.

---

REFERENCES FOR POINTS IN HEADNOTES

[1–9] 25 Am Jur 2d, Elections § 6.
[2–4, 6–9] 25 Am Jur 2d, Elections § 291 *et seq.*
[10] 50 Am Jur, Statutes §§ 223, 246, 257.

6. ELECTIONS — CONSTITUTIONAL LAW — LEGISLATURE — REGULATORY
POWERS — EQUAL APPLICATION — REASONABLENESS.

Statutory requirement that a candidate for precinct delegate must
receive a minimum of three votes to be elected had equal ap-
plication within the state and was a reasonable exercise of the
legislature's constitutional power to regulate elections (Const
1963, art 2, § 4; MCLA 1969 Cum Supp § 168.607).

7. ELECTIONS—CONSTITUTIONAL LAW—PRECINCT DELEGATE ELECTIONS
—MINIMUM VOTE—STATUTES—ONE MAN, ONE VOTE PRINCIPLE—
APPLICATION.

"One man, one vote" principle did not apply to statutory require-
ment that a candidate for precinct delegate has to receive a
minimum of three votes to be elected since the composition of
precinct delegate districts was not being questioned (MCLA
1969 Cum Supp § 168.607).

8. ELECTIONS — STATUTES — PRECINCT DELEGATE ELECTIONS — MINI-
MUM VOTE — CONSTITUTIONAL LAW — APPEAL AND ERROR — DECI-
SIONAL HOLDING — CONSTRUCTION.

Appellate decision upholding a statutory requirement that pre-
cinct delegate candidates must receive a minimum of three
votes to be elected is not to be construed as meaning that the
legislature in every instance may prescribe the minimum num-
ber of votes that shall be required to elect a candidate for
public office (Const 1963, art 2, § 4; MCLA 1969 Cum Supp
§ 168.607).

9. ELECTIONS — STATUTES — PRECINCT DELEGATE ELECTIONS — MINI-
MUM VOTE — APPLICATION THROUGH CONSTRUCTION — STATE ELEC-
TION CODE.

Statutory requirement that a candidate for precinct delegate must
receive a minimum of three votes to be elected applied through
construction to chapter 26 of the state election code relating in
part to qualifications of delegates to county conventions since
a court will not assume that the legislature passed an act that
serves no useful or intelligible purpose if that statute is sus-
ceptible to an interpretation by which this consequence can be
avoided (MCLA 1969 Cum Supp §§ 168.607, 168.621 *et seq.*).

10. STATUTES—INTERPRETATION—INTENT.

The general intent of an act as a whole must be considered and
effectuation of the purpose of a statute should, if possible,
prevail over its strict letter when construing that statute.

Appeal from Wayne, Joseph G. Rashid, J. Submitted Division 1 November 6, 1969, at Detroit. (Docket No. 6,678.) Decided February 5, 1970.

Action for mandamus by Fannie Andrews against the Wayne County Clerk to have defendant certify her election as a precinct delegate. Writ denied. Plaintiff appeals. Affirmed.

*Davidow & Davidow,* for plaintiff.

*William L. Cahalan,* Prosecuting Attorney, and *Aloysius J. Suchey* and *Prentis Edwards,* Assistant Prosecuting Attorneys, for defendant.

Before: LESINSKI, C. J., and HOLBROOK and QUINN, JJ.

HOLBROOK, J. This is an action for mandamus by plaintiff to require defendant Wayne County Clerk to certify her election to the office of precinct delegate to the fall county convention of the Republican Party.

Plaintiff received two votes and the county clerk refused to declare her elected. Defendant refused to certify her election based on PA 1968, No 136 which provides:

"The required number of electors who receive the highest number of votes for delegates to the fall county convention of any political party, but not less than three votes, shall be declared by the board of primary election inspectors to be elected."

The Wayne County Circuit Court ruled that the statute did not infringe upon any provisions of the state or federal constitutions, and that PA 1968, No 136 amended chapter 26 of the State election code (MCLA § 168.621 *et seq.* [Stat Ann 1956 Rev

§ 6.1621 *et seq.,* as amended]), through construction in order to give it effect because the act purportedly amended chapter 25 (MCLA § 168.591 *et seq.,* as amended [Stat Ann 1956 Rev § 6.1591 *et seq.,* as amended]) which had been nullified by amendment.

The issues raised on appeal are:   (1) Is PA 1968, No 136, constitutional?   (2) Can PA 1968, No 136, be applied to chapter 26 of the State election code through construction?

The fundamental law, Michigan Constitution of 1963, art 2, § 1, provides:

"Every citizen of the United States who has attained the age of 21 years, who has resided in this state six months, and who meets the requirements of local residence provided by law, shall be an elector and qualified to vote in any election except as otherwise provided in this constitution.   The legislature shall define residence for voting purposes."

Michigan Constitution of 1963, art 2, § 4, provides in part as follows:

"The legislature shall enact laws to regulate the time, place and manner of all nominations and elections, except as otherwise provided in this constitution or in the constitution and laws of the United States.   The legislature shall enact laws to preserve the purity of elections, to preserve the secrecy of the ballot, to guard against abuses of the elective franchise, and to provide for a system of voter registration and absentee voting."

The question before us is whether the legislature has the power to require a candidate for precinct delegate to the county convention to receive a minimum number of votes in order to be elected.   Plaintiff asserts that the requiring of a minimum number of votes for election as provided in the act is uncon-

stitutional because it destroys the votes of electors for candidates for the office of delegate to the county convention, if such candidate receives less than three votes.

The power of the legislature in regulating elections is set forth in the case of *Brown* v. *Board of Election Commissioners of Kent County* (1913), 174 Mich 477, 479, 480:

"The only limitation upon the power of the Michigan legislature to enact laws is our own Constitution and the Federal Constitution. It follows, then, that this legislation must stand, unless it can be pointed out that it infringes some provision of the State or Federal Constitution. * * * This Court has on several occasions considered the limiting force of these provisions upon legislative enactments, and the conclusion reached was that the legislature may regulate, but cannot destroy, the enjoyment of the elective franchise. * * * In commenting upon the degree of restraint of these constitutional provisions upon the power of the legislature in *Common Council of City of Detroit* v. *Rush* (1890), 82 Mich 532, Mr. Justice GRANT said:

" 'Under these broad provisions, it has been frequently held to be the exclusive province of the legislature to enact laws providing for the registration of voters, and the time, place, and manner of conducting elections. It may regulate, but cannot destroy, the enjoyment of the elective franchise. Whether such regulation be reasonable or unreasonable is for the determination of the legislature, and not for the courts, so long as such regulation does not become destruction.' " *Attorney General, ex rel. Edwin F. Conely,* v. *The Common Council of the City of Detroit* (1889), 78 Mich 545.

In *People, ex rel. Luther F. Conrad,* v. *Stone* (1889), 78 Mich 635, 639, it is stated:

"In this country it is generally understood that, in the absence of any statutory provision expressly requiring more, a plurality of the votes cast will elect. It is only in cases when the statute so provides that a majority of all the votes cast is necessary to the choice of an officer. McCrary, Elec. § 197; Cush. Leg. Ass. § 118; Paine, Elec. § 571; Cooley, Const. Lim. 619. Mr. Cushing says:

" 'In elections in which the principle of plurality is adopted, the candidate who has the highest number of votes is elected, although he may have received but a small part of the whole.' "

The election of precinct delegates to county conventions is provided for by our legislature under the grant of power as contained in our Constitution. This power we rule is properly exercised as long as it is regulation and does not have the effect of destroying an elector's right to vote by not counting his vote.

The statutory requirement that a candidate for precinct delegate receive a minimum of three votes does not destroy an elector's right to have his vote counted any more than in a situation wherein a candidate for elective office is required to receive a majority of the votes cast for that office. The same is true in the matter of certain propositions on the ballot requiring a two-thirds vote. The vote of the elector is counted and given full effect, however, the mere right to have the vote counted is not the sole basis for determining that the electors' will shall prevail.

The legislature was constitutionally empowered to regulate elections. Within the exercise of that power, it is entitled to prescribe that elections be representative of the will of the electorate of a given district so long as it has equal application. The regulation exercised must be reasonable. We do

not find that a requirement that a candidate receive a minimum of three votes for precinct delegate is an unreasonable exercise of the legislature's power to regulate elections. The requirement has equal application in this state.

As the office of precinct delegate is fundamentally a matter of internal operation of a political party, it is not unreasonable for the legislature to provide for the manner of election to the office of precinct delegate to require a candidate for that office to receive a minimum of three votes. See *Lynch* v. *Torquato* (CA 3, 1965), 343 F2d 370.

It is argued that *Reynolds* v. *Sims* (1964), 377 US 533 (84 S Ct 1362, 12 L Ed 2d 506), has application in this case. We do not agree. The issue before us does not pose the "one man, one vote" question as the composition of the precinct delegate districts is not challenged.

Our holding in this case is not to be read to the effect that in every instance the legislature may prescribe the minimum number of votes that shall be required to elect a candidate for public office.

We now turn to the second issue raised on appeal; can PA 1968, No 136 be applied to chapter 26 of the state election code through construction? Our decision herein is based upon the conclusion that the act amends chapter 26.

The lower court correctly stated the principle that a court will not assume that the legislature passed an act that serves no useful or intelligible purpose, if the statute is susceptible to an interpretation by which this consequence can be avoided. The courts of the state have the power to construe the laws of the state. The general intent of the act as a whole must be considered; effectuation of the purpose of a statute should, if possible, prevail over its strict

letter when construing the statute. *Northville Coach Line, Inc.,* v. *City of Detroit* (1967), 379 Mich 317.

Affirmed. No costs, a public question being involved.

All concurred.