Mr. Charles E. Mosley Jr., Chairman Mississippi County Election Commission Court House Blytheville, Arkansas 72315
Dear Mr. Mosley:
This is in response to your request for an opinion on the vote required in a special election to elect a municipal judge to fill a vacancy. Specifically, you note that three active candidates have filed in Mississippi County to run for the vacancy in a municipal judgeship. The special election has been called by the Governor and set for December 3, 1991. Your question is whether, if one of the three candidates does not receive a majority in the special election, a runoff election will be necessary.
It is my opinion that no runoff election is necessary or authorized.
As you have noted, A.C.A. § 7-5-106, at first blush, appears to require a runoff election in this instance. It is my opinion, however, that this statute does not apply to special elections to fill vacancies. The words "general election" are mentioned three times in this statute. The statute applies "whenever there are more than two (2) candidates for election to any county elected office . . . or for any municipal office at any generalelection held in this state. . . ." A.C.A. § 7-5-106(a). (Emphasis added.) The statute provides for the runoff election to be held "two (2) weeks following the date of the generalelection. . . ." A.C.A. § 7-5-106(a). (Emphasis added.) Finally, sub-section (c) of the statute provides that this runoff requirement is "intended to be in addition to and supplemental to the laws of this state pertaining to the election of county and municipal officers at general elections." (Emphasis added.)
It is therefore clear, in my opinion, that this statute is inapplicable in the case of special elections held to fill vacancies. A contrary conclusion was expressed in Unofficial Op. Att'y. Gen. No. 86-471. The correctness of that opinion was questioned in Opinion No. 91-378, recently issued by this administration (copy enclosed), and as such, it is hereby superseded.
Additionally, I have found no other provision of Arkansas law which governs the issue of whether a runoff election is required in this instance. This being the case, it appears that the universal rule is that in the absence of a statute or constitutional provision expressly requiring more, a plurality of votes is sufficient to elect. 29 C.J.S. Elections § 241, at 674. See also Miller v. Burley, 155 W. Va. 681,187 S.E.2d 803 (1972); Andrews v. Branigin, 21 Mich. App. 568,175 N.W.2d 839 (1970); Seminara v. Smith, 89 N.J. Super. 349, 215 A.2d 47
(1965); and State ex rel. Thompson v. Carr, 166 Tenn. 58,59 S.W.2d 509 (1933). The two last cited cases each involved special elections to fill vacancies. In Carr, the Tennessee court held that in the absence of a statute to the contrary, a plurality of votes was sufficient to fill a vacancy at a special election, and a runoff was neither required nor authorized. In Seminara, the court held that a statute requiring runoffs in "regular" elections did not apply to special elections to fill vacancies and thus a plurality was sufficient to elect.
It is thus my opinion, although there are no Arkansas cases directly on point, that no runoff election is necessary in the special election to fill this vacancy.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elana L. Cunningham.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh